OKLAHOMA REAL ESTATE COMMISSION — STUDENT RECORDS PRIVACY
Under 59 O.S. 858-308 [59-858-308] (1975), requiring information maintained by the Oklahoma Real Estate Commission, relating to real estate licensees, to be a matter of public record, the Commission does not have authority to receive documents from educational records of real estate license applicants or licensees directly from an educational agency or institution where such documents are furnished upon the condition that the Commission will not release information contained therein without the student's written consent. The Commission would have to receive such documents directly from the applicant who has the duty, under 59 O.S. 858-302 [59-858-302] through 59 O.S. 858-304 [59-858-304] (1975), to furnish the same in support of his or her application for a license. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Does the Real Estate Commission have authority to receive documents from educational records, relating to real estate license applicants, or licensees, where such documents are furnished directly by an educational agency or institution on the condition that the Commission will not release information contained therein without the student's written consent? In order to answer this question, we must analyze certain provisions of the Oklahoma Real Estate Code and 20 U.S.C.A. 1232(g), commonly referred to as the Family Privacy Act. Under the Oklahoma Real Estate Code, 59 O.S. 858-302 [59-858-302] through 59 O.S. 858-304 [59-858-304] (1975), persons applying for licensing have the duty to furnish documentation or evidence showing that they have completed the educational requirements. Further, concerning the list of licensees and information maintained by the Oklahoma Real Estate Commission, 59 O.S. 858-308 [59-858-308] (1975), reads as follows: "Current List of Licensees. In the interest of the public, the Commission shall keep a current list of the names and addresses of all licensees, and of all persons whose licenses have been suspended or revoked, together with such other information relative to the enforcement of the provisions of this Code as it may deem advisable and desirable. Such listings and information shall be a matter of public record." A plain reading of this statute makes all information, maintained by the Commission, relating to real estate licensees, regardless of its source, a matter of public record. A reading of 20 U.S.C.A. 1232(g), discloses that, with certain exceptions not applicable here, federal funds are not to be made available to any state educational agency or institution which has a policy of releasing information from a student's educational record to a third party without the written consent of the parents of the student or the student, if the latter is eighteen years of age or older, or upon court order; and then only, upon the condition that the receiver of such information will not permit any other party to have access to the information without the additional written consent as stated above. Although this federal law is only applicable to state educational agencies and institutions and enforced by withholding federal funds when an educational agency or institution violates the act, Subsection (b) (4) (B) of20 U.S.C.A. 1232(g), states: "With respect to this subsection, personal information shall only be transferred to a third party on the condition that such party will not permit any other party to have access to such information without the written consent of the parents of the student." Thus, an educational agency or institution receiving federal funds has an obligation under federal law to release personal information from educational records only upon the condition that the receiver will not release the same without the student or parent's consent. In the present instance, however, the Real Estate Commission has no such obligation under federal law; but, on the contrary, is required under state law to maintain all information it has about real estate licensees as public information. It, therefore, follows that by virtue of 59 O.S. 858-308 [59-858-308] (1975), the Commission cannot agree to the condition, set forth in your question, which is imposed on documents from educational records furnished by an educational agency or institution. Thus, the Commission is without authority to receive such documents directly from the educational agency or institution, and would have to receive such documents directly from the applicant who has the duty in the first instance under the law to furnish such documents in support of his or her application for a license. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Under 59 O.S. 858-308 [59-858-308] (1975), requiring information maintained by the Oklahoma Real Estate Commission, relating to real estate licensees, to be a matter of public record, the Commission does not have authority to receive documents from educational records of real estate license applicants or licensees directly from an educational agency or institution where such documents are furnished upon the condition that the Commission will not release information contained therein without the student's written consent. The Commission would have to receive such documents directly from the applicant who has the duty, under 59 O.S. 858-302 [59-858-302] through 59 O.S. 858-304 [59-858-304] (1975), to furnish the same in support of his or her application for a license. (Gearld E. Weis)